UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00238-CHB

YACOUB OULD SIDYA                                                                                    PLAINTIFF

VS.

SIDI MOHAMED KMACHE                                                                          DEFENDANT

**ORDER**

The Parties have filed a Joint Motion for Entry of Agreed Protective Order and attached a proposed Agreed Protective Order for the Court's consideration. (DN 31; DN 31-1).

Rule 26 allows for "a party or any person from whom discovery is sought" to seek a protective order from the Court. Fed. R. Civ. P. 26(c)(1). This Rule specifies that a motion for protective order must demonstrate "good cause" for its entry and include "a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the *dispute* without court action." *Id.* (emphasis added). Good cause exists when the moving party "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought . . ." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)). This District further requires that the moving party set forth specific reasons why the protective order is necessary, including the type(s) of documents that require protection. *See Gluc v. Prudential Life Ins. Co. of Am.*, 309 F.R.D. 406, 414-15 (W.D. Ky. 2015).

These requirements align with the basic public policy in favor of broad discovery and public access to court proceedings. *See Grae v. Corrections Corp. of Am.*, 134 F.4th 927, 930 (6th Cir. 2025) ("The federal courts do their business in public – which means the public is

presumptively entitled to review every document that a party files with the court for purposes of influencing a judicial decision."); *see also Williams v. Baptist Healthcare Sys., Inc.*, No. 3:16-CV-00236-CRS, 2018 WL 989546, at *2 (W.D. Ky. Feb. 20, 2018) (citing *Proctor & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996)).

This Court is generally disinclined to enter agreed protective orders. Almost by definition, a proposed protective order signed by both parties cannot comply with the requirement that the parties certify their good faith efforts to resolve a discovery dispute. *Kentucky ex rel Beshear v. Marathon Petroleum Co., LP*, No. 3:15-cv-354-DJH-CHL, 2017 WL 2272082, at *2 (W.D. Ky. May 24, 2017). In most instances, when the parties have agreed to certain limitations on the use of materials produced in discovery, entry of a protective order is not necessary, and the parties need only document the terms of their agreement and proceed with discovery. However, the Court may deviate from this policy where the parties can demonstrate compliance with Rule 26 despite their joint request or that exceptional circumstances exist in their case. *See id.* (finding good cause for entry of joint protective order where parties demonstrated that a private agreement between them would not "be effective in resolving the parties' discovery dispute"); *see also Hasenbein v. F3EA, Inc.*, No. 3:20-CV-00822-BJB, DN 60 (W.D. Ky. Aug. 8, 2021) (finding exceptional circumstances for entry of agreed protective order where discovery of "Controlled Unclassified Information" implicated national security interests"); *Bussell v. Elizabethtown Ind. School Dist.*, 3:17CV-00605-GNS, DN 33 (W.D. Ky. Oct. 23, 2018) (finding good cause for entry of joint protective order where "no other avenues" existed for parties to obtain sensitive images if protective order was not entered). "Only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

The Parties' Motion states that they agree certain documents and expert reports must be governed by a protective order because they contain: "confidential business information, competitively sensitive business information, personal and confidential information, and/or confidential health related information." (DN 31). The Sixth Circuit has recently explained that trade secrets, private information of innocent third parties, information covered by a recognized privilege, or information required by statute to be maintained in confidence are typically enough to overcome to presumption of public access. *Grae* 134 F.4th at 932-33. But "[p]latitudes about 'competitively-sensitive' information," like confidential salary information, contract pricing, or information that would harm a party's "competitive position" will not overcome the presumption. *Id.* The categories of documents the Parties identify here as deserving of protection fall into the latter group. Because the Parties have not identified specific documents entitled to protection or why exceptional circumstances warrant protection of these broad categories, the Parties' need for protection is unsupported and speculative. The Court will not enter such a broad protective order.

Based on this analysis, the Parties have two options. They can simply agree to the conditions of their protective order among themselves without court intervention and move forward with the case. Or the Parties can attempt to re-file their motion for protective order, demonstrating compliance with the above discussion, at any time before the discovery period ends.

**IT IS THEREFORE ORDERED** that the Parties' Agreed Protective Order (DN 31) is **DENIED without prejudice.**

May 12, 2025

Regina S. Edwards, Magistrate Judge
United States District Court

Copies:    Counsel of Record