UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00238-CHB

**YACOUB OULD SIDYA**                                                                                         **PLAINTIFF**

**VS.**

**SIDI MOHAMED KMACHE**                                                                           **DEFENDANT**

**ORDER**

On May 8, 2025, the Parties filed a Joint Motion for Entry of Agreed Protective Order to govern certain materials produced in the course of discovery, including "confidential business information, competitively sensitive business information, personal and confidential information, and/or confidential health related information." (DN 31). The Court denied the Parties' Joint Motion without prejudice, finding their proposed protective order was too broad. (DN 32).

In denying the Parties' proposed protective order, the Court noted:

> The Sixth Circuit has recently explained that trade secrets, private information of innocent third parties, information covered by a recognized privilege, or information required by statute to be maintained in confidence are typically enough to overcome to presumption of public access. *Grae* 134 F.4th at 932-33. But "[p]latitudes about 'competitively-sensitive' information," like confidential salary information, contract pricing, or information that would harm a party's "competitive position" will not overcome the presumption. *Id.* The categories of documents the Parties identify here as deserving of protection fall into the latter group. Because the Parties have not identified specific documents entitled to protection or why exceptional circumstances warrant protection of these broad categories, the Parties' need for protection is unsupported and speculative.

(*Id.*). The Court noted the Parties could attempt to refile a compliant motion for protective order at any time before the discovery period ends or agree to the conditions of their protective order among themselves without court intervention. (*Id.*).

Now, Plaintiff has refiled a Motion for Entry of Protective Order, which Defendant does not oppose. (DN 33). Unlike the Parties' original filing, the Parties claim their revised proposed protective order is "far narrower than the original protective order." (*Id.*). The new proposed protective order focuses solely on protecting the Plaintiff's "highly confidential and sensitive health and medical information[.]" (*Id.*). Plaintiff states that such information cannot be adequately protected through a private agreement between the Parties and that the nature of this lawsuit, involving social media publications about the Plaintiff, calls into doubt Defendant's ability and intent to honor any private agreement. (*Id.*). This APO, Plaintiff explains, is meant to protect the report of Plaintiff's forensic psychologist and a reputational damages report from public disclosure. (*Id.*). The public's access to these reports would cause Plaintiff undue annoyance, embarrassment, and oppression since they contain deeply personal information regarding Plaintiff's emotional injuries. (*Id.*).

The logic from the Court's earlier ruling still applies in that the Court is disinclined to grant a joint protective order. And while the Court agrees that Plaintiff's refiled proposed protective order is more narrowly tailored than the initial filing, the Court again finds Plaintiff has not demonstrated good cause or exceptional circumstances for entry of the proposed order. District courts within this Circuit have repeatedly held that protective orders for a plaintiff's medical information and records are not appropriate where a plaintiff places their medical condition at issue in the lawsuit. *See Mikko v. Smock*, No. 10-12845, 2012 WL 8963809, at *2 (E.D. Mich. Sept. 19, 2012) ("[w]here plaintiff has put his medical condition at issue, defendants are entitled to access all of Plaintiff's medical records during discovery and to use and disclose these records as necessary for purposes of defendant against Plaintiff's allegations"); *Jones v. Caruso*, No. 1:07-cv-786, 2008 WL 544952, at *2 (W.D. Mich. Feb. 25, 2008) (denying plaintiff's motion for

protective order where he placed his medical condition at issue in lawsuit); *see also Tyson v. Regency Nursing, LLC*, No. 3:17-CV-91-DJH, 2018 WL 632063, at *1 (W.D. Ky. Jan. 30, 2018) (a plaintiff who places their medical condition at issue waives any applicable privilege or statutory protection that medical records would have otherwise held). Moreover, "the public has a strong interest in viewing the evidence that courts base their decisions upon, even if that evidence could be deemed privileged or protected." *Id.* (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)).

Plaintiff's Complaint alleges both defamation and intentional infliction of emotional distress ("IIED") against Defendant. In Kentucky, a plaintiff alleging IIED must prove four elements, the last of which is "severe emotional distress." *Dukes v. Mid-Eastern Athletic Conf.*, 213 F. Supp. 3d 887, 893 (W.D. Ky. 2016) (citing *Humana of Ky. v. Seitz*, 796 S.W.2d 1, 2-3 (Ky. 1990)). "[A] plaintiff claiming emotional distress damages must present expert medical or scientific proof to support the claimed injury or impairment." *Ray v. AT&T Mobility LLC*, No. 2:17-cv-68 (WOB-CJS), 2020 WL 535787, at *15 (E.D. Ky. Feb. 3, 2020) (quoting *Osborne v. Keeney*, 399 S.W.3d 1, 17 (Ky. 2012)).

By claiming IIED, Plaintiff placed his medical/emotional condition at issue in the lawsuit. The documents Plaintiff seeks to protect appear to be the type of expert medical proof needed to prove "severe emotional distress." Because the Court will base its decision on this evidence, the public's interest in accessing the evidence is strong and outweighs Plaintiff's personal interests in shielding such information. Once more, the Parties can agree to terms of confidentiality without court intervention, but the Court will not grant special protection to the requested documents.

4

**IT IS THEREFORE ORDERED** that the Plaintiff's Motions for Protective Order (DN 33) is **DENIED.**

Regina S. Edwards, Magistrate Judge
United States District Court

Copies:   Counsel of Record

May 23, 2025